[No. 64475-1-I.   Division One.   April 11, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. TROY LAMONT NEAL, *Appellant*.

*Oliver R. Davis* and *David L. Donnan* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

¶1 BECKER, J. — Troy Neal appeals his residential burglary conviction. He argues he was improperly convicted because the tool room he entered unlawfully, though located in a residential apartment building, is not a "dwelling." We affirm.

¶2 A maintenance worker at an apartment building discovered Troy Neal inside the tool room. Neal was putting tools into several bags. When apprehended by police, he had

in his possession a stolen credit card and a pill bottle containing crack cocaine. He was convicted, among other charges, of residential burglary. One of the elements of residential burglary is entry into a "dwelling." Neal contends there was insufficient evidence to support this element because no one lived or slept in the tool room.

¶3 This contention requires interpretation of the residential burglary statute. We review questions of statutory interpretation de novo and interpret statutes to give effect to the legislature's intentions. *State v. Bunker*, 169 Wn.2d 571, 577-78, 238 P.3d 487 (2010). We start with the plain meaning of the statute. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). When the plain language is unambiguous and the legislative intent is apparent, we will not construe a statute differently. *J.P.*, 149 Wn.2d at 450. We apply traditional grammar rules to determine the plain meaning of a statute. *Bunker*, 169 Wn.2d at 578.

¶4 Under the criminal code, "A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1). Dwelling is defined as "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." RCW 9A.04.110(7).

¶5 Neal argues that the statutory definition of "dwelling" means that the part of the building entered must be used for lodging. We disagree. We have already held that a garage attached to a home was part of a "dwelling" because it was a portion of a building used as lodging. *State v. Murbach*, 68 Wn. App. 509, 513, 843 P.2d 551 (1993).

¶6 Neal asks that we decline to follow *Murbach*. He contends it is inconsistent with the "last antecedent rule." Under that rule, "qualifying or modifying words and phrases refer to the last antecedent." *Bunker*, 169 Wn.2d at 578. Thus, Neal argues the lodging requirement must be applied only to the "portion thereof" language, and accordingly, it is the "portion" of the building (in this case, the tool

room) that must be used for lodging. But under the corollary to the last antecedent rule, the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one. *Bunker*, 169 Wn.2d at 578. The application of the corollary rule leads to the conclusion that a "dwelling" may be a building or structure used for lodging, or it may be any portion of a building where the portion is used for lodging.

¶7 Neal contends this interpretation produces absurd results. He asks, if Quasimodo sleeps in the organ loft of Notre Dame, does the entire cathedral become a dwelling because some small portion is used for his lodging? As the State responds, the answer is no, under a proper interpretation of the statute and assuming France's law on burglary is the same as Washington's. Because the cathedral as a whole is not used or ordinarily used for lodging, a person who burglarizes the nave or the sacristy of the cathedral is not guilty of residential burglary. But a person who burglarizes Quasimodo's loft is guilty of residential burglary because that portion of the cathedral is used for lodging. This is not an absurd result.

¶8 In this case, the tool room is not analogous to Quasimodo's loft because no one was sleeping in it. Instead, the building itself, unlike the cathedral, was used for lodging. It was an apartment building. Because Neal entered a building used for lodging, the evidence was sufficient to convict him of residential burglary.

¶9 Neal also challenges the jury instruction that defined "dwelling." As noted above, the statute defines "dwelling" as "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." RCW 9A.04.110(7). The instruction given by the court omitted the two phrases set off by commas. This is permitted by the pattern jury instructions. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 2.08 note on use at 50 (3d ed. 2008) ("Use bracketed material as applicable."). Thus, the

instruction given by the court defined "dwelling" as "any building or structure that is used or ordinarily used by a person for lodging." Neal objected to the removal of the phrase "or portion thereof." He contends that by omitting the phrase "or portion thereof," the court removed the element of dwelling from the jury's consideration and relieved the State of its burden of proving that element.

¶10 "Parties are entitled to instructions that, when taken as a whole, properly instruct the jury on the applicable law, are not misleading, and allow each party the opportunity to argue their theory of the case." *State v. Redmond*, 150 Wn.2d 489, 493, 78 P.3d 1001 (2003). Because the court's decision was based on statutory interpretation, our review is de novo. *State v. Walker*, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998).

¶11 We conclude the trial court gave a proper definition of "dwelling." The "portion thereof" language was inapplicable to the State's theory of the case. The State did not need to prove that the tool room was a dwelling. The State was attempting to prove that the entire apartment building was a dwelling. Neal was free to argue that the apartment building was not a dwelling.

¶12 Neal also argues that the court was required to give the full statutory definition of "dwelling" under the technical terms rule. Trial courts must define technical words and expressions used in jury instructions. *State v. Brown*, 132 Wn.2d 529, 611, 940 P.2d 546 (1997), *cert. denied*, 523 U.S. 1007 (1998). The court did define "dwelling," and the definition was accurate and not misleading. We therefore find no violation of the technical terms rule.

¶13 We also reject Neal's argument that the instruction defining "dwelling" was a comment on the evidence. A court cannot instruct the jury that matters of fact have been established as a matter of law. *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997). In *Becker*, a prosecution for dealing drugs within 1,000 feet of a school, a special jury verdict form defined the facility at issue as a school. This was tantamount to a directed verdict. *Becker*, 132 Wn.2d at

65. Unlike in *Becker*, the instruction here did not define a factual issue for the jury because it did not define the apartment building as a dwelling.

¶14 Affirmed.

DWYER, C.J., and ELLINGTON, J., concur.

Review denied at 172 Wn.2d 1011 (2011).