IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32155-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL S.A. HOLCOMB, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Daniel Holcomb appeals his second degree assault conviction. He contends he was denied his constitutional right to jury unanimity. Under well-settled authority, we disagree. Mr. Holcomb next contends the accomplice liability statute is unconstitutional because it criminalizes constitutionally protected speech. We hold RCW 9A.08.020 is constitutional. Accordingly, we affirm.

## FACTS

Mr. Holcomb and Anthony Sumait approached Charles Burnett's home, possibly to inquire about a truck for sale. Mr. Burnett was standing outside when the two men approached him. Jennifer Mingler, Mr. Burnett's girl friend, was outside and saw both men had stick-type weapons in their hands. She watched as both men struck Mr. Burnett. Mr. Burnett fell to the ground, but managed to pull out his pistol and shoot. Mr. Holcomb was hit and fell to the ground. Mr. Sumait ran off, but was soon apprehended.

Police arrived and observed Mr. Holcomb on the ground with a stick next to him. Mr. Holcomb's deoxyribonucleic acid (DNA) was found on the stick.

The State charged Mr. Holcomb with second degree assault either as a principal or accomplice. Following the State's case in chief, Mr. Holcomb asked the court, "to entertain a motion to dismiss at least the felony components of the charge . . . . I'm referring to both direct liability and accomplice liability here. I'm not asking for an out-and-out dismissal because I believe that a rational trier of fact, certainly with the inferences all pointed in the direction most favorable to the prosecution, could find that Mr. Holcomb came there with Mr. Sumait and acted as his accomplice while Mr. Sumait committed a fourth degree assault." Report of Proceedings (RP) at 112. The court denied the motion. Later, Mr. Holcomb asked the court to instruct the jury they must be unanimous as to Mr. Holcomb's mode of participation in the offense, either that Mr. Holcomb acted as an accomplice to Mr. Sumait's attack, or Mr. Holcomb acted as a principal in assaulting Mr. Burnett himself. The court ruled that such an instruction would invade the province of the jury, stating, "I can't tell the jury what to believe or not to believe. They're entitled to analyze all the witnesses and come up with their own conclusion on what factually happened." RP at 120.

During trial, the jury was instructed that to convict Mr. Holcomb, it had to find "the defendant and/or an accomplice intentionally assaulted Charles Burnett with a deadly weapon." Clerk's Papers at 22. In closing argument, the State argued the jurors did not

2

"have to determine whether [Mr. Holcomb acted as] an accomplice or the principal. You only have to be satisfied individually as to the facts." RP at 161-62.

The jury found Mr. Holcomb guilty as charged. He appealed.

## ANALYSIS

### A. Jury Unanimity

The issue is whether Mr. Holcomb was denied his constitutional right to jury unanimity. Mr. Holcomb contends the trial court erred in denying his request for an instruction telling the jury it had to be unanimous regarding whether he was an accomplice or a principal.

Generally, we review a trial court's denial of a defendant's proposed jury instruction for an abuse of discretion. *State v. Winings*, 126 Wn. App. 75, 86, 107 P.3d 141 (2005). A trial court abuses its discretion if it exercises its discretion based on untenable grounds or for untenable reasons. *State v. Smith*, 124 Wn. App. 417, 428, 102 P.3d 158 (2004).

Criminal defendants in Washington have a constitutional right to a unanimous jury verdict. *State v. Ortega-Martinez*, 124 Wn.2d 702, 707, 881 P.2d 231 (1994); CONST. art. I, § 21. We review for constitutional harmless error a trial court's alleged failure to give a unanimity instruction. *State v. Bobenhouse*, 166 Wn.2d 881, 893, 214 P.3d 907 (2009). Mr. Holcomb incorrectly argues an analysis under *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986) is necessary to determine whether the state constitutional provision applies to accomplice liability cases.

3

A person may be liable for the acts of another if he acts as an accomplice. RCW 9A.08.020. A person is an accomplice if, with knowledge that it will promote or facilitate the commission of a crime, he solicits, commands, encourages, or requests another person to commit the crime or aids or agrees to aid another in planning or committing the crime. RCW 9A.08.020(3)(a)(i), (ii). "'Accomplice liability represents a legislative decision that one who participates in a crime is *guilty as a principal*, regardless of the degree of the participation.'" *State v. McDonald*, 138 Wn.2d 680, 689, 981 P.2d 443 (1999) (quoting *State v. Hoffman*, 116 Wn.2d 51, 104, 804 P.2d 577 (1991)).

*Hoffman* is instructive. There, two individuals were charged with aggravated first degree murder of a police officer. Mr. Hoffman posed the same issue raised by Mr. Holcomb. Our Supreme Court held, "[I]t is not necessary that jurors be unanimous as to the manner of an accomplice's and a principal's participation as long as all agree that they did participate in the crime." *Hoffman*, 116 Wn.2d at 104. The court found no instructional error. *Id.* at 105.

And, "[t]he legislature has said that anyone who participates in the commission of a crime is guilty of the crime and should be charged as a principal, regardless of the degree or nature of his participation. Whether he holds the gun, holds the victim, keeps a lookout, stands by ready to help the assailant, or aids in some other way, he is a participant. The elements of the crime remain the same." *State v. Carothers*, 84 Wn.2d 256, 264, 525 P.2d 731 (1974), *overruled on other grounds by State v. Harris*, 102 Wn.2d 148, 685 P.2d 584 (1984).

4

Division Two of this court recently addressed this issue. In *State v. Walker*, __ Wn. App. __, 315 P.3d 562 (Dec. 20, 2013), the State charged Mr. Walker as an accomplice to multiple murder, assault, and robbery charges. *Id.* at 564. He argued the accomplice liability jury instruction violated his right to a unanimous jury. Relying on *Hoffman*, the court held, "The trial court's instructions were correct statements of accomplice liability law and did not deny Walker his due process." *Walker*, 315 P.3d at 567. The court continued, "There was no need for a unanimity instruction where accomplice liability allows a jury to convict as long as it finds that the elements of the crime were met, regardless of which participant fulfilled them." *Id.*

Moreover, Mr. Holcomb raises an issue that our Supreme Court has reviewed and rejected. Under the doctrine of stare decisis, we accept the rulings of the Supreme Court. Accordingly, the trial court did not violate Mr. Holcomb's right to a unanimous jury when deciding not to instruct the jury regarding unanimity as to whether Mr. Holcomb was an accomplice or principal. Mr. Holcomb fails to establish reversible error; a *Gunwall* analysis is unnecessary.

B. Constitutionality of RCW 9A.08.020

The issue is whether RCW 9A.08.020 (the accomplice liability statute) is unconstitutionally overbroad. Mr. Holcomb contends the statute criminalizes speech protected by the First Amendment. We review this constitutional issue de novo. *State v. Blilie*, 132 Wn.2d 484, 489, 939 P.2d 691 (1997).

5

Under RCW 9A.08.020(3)(a)(ii), an individual may be convicted as an accomplice if he or she, acting "[w]ith knowledge that it will promote or facilitate the commission of the crime," the individual "[a]ids or agrees to aid such other person in planning or committing it." The statute does not define "aid" but Washington decisions have long accepted the pattern jury instruction's definition of "aid." *See State v. McKeown*, 23 Wn. App. 582, 591, 596 P.2d 1100 (1979) ("The word 'aid' means all assistance whether given by words, acts, encouragement, support or presence. A person who is present at the scene and is ready to assist by his or her presence is aiding in the commission of the crime.").

"The First Amendment, applicable to the States through the Fourteenth Amendment, provides that 'Congress shall make no law . . . abridging the freedom of speech.'" *Virginia v. Black*, 538 U.S. 343, 358, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003). A state criminal law "may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473, 130 S. Ct. 1577, 176 L. Ed. 2d 435 (2010) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008)).

Mr. Holcomb contends the accomplice liability statute runs afoul of the First Amendment by criminalizing "aid" or "agreement to aid," defining it to include pure speech, without limiting criminalization to speech directed to inciting or producing imminent lawless action. Divisions One and Two of this court have rejected Mr.

6

Holcomb's contention. In *State v. Coleman*, 155 Wn. App. 951, 960-61, 231 P.3d 212 (2010), Division One relied on the mens rea requirement imposed by the statute, likening it to the pedestrian interference ordinance that our Supreme Court concluded was not overbroad in *City of Seattle v. Webster*, 115 Wn.2d 635, 802 P.2d 1333 (1990). In *State v. Ferguson*, 164 Wn. App. 370, 376, 264 P.3d 575 (2011), *review denied*, 173 Wn.2d 1035 (2012), Division Two adopted the *Coleman* analysis, adding that the statute's language forbids solely advocacy directed at and likely to incite or produce imminent lawless action.

Mr. Holcomb argues we should reject *Coleman* and *Ferguson* as wrongly decided because those cases erroneously rely on cases involving conduct, whereas the act of "aiding" can involve pure speech. But, the accomplice liability statute has been construed to apply solely when the accomplice acts with knowledge of the specific crime that is eventually charged, rather than with knowledge of a different crime or generalized knowledge of criminal activity. *State v. Cronin*, 142 Wn.2d 568, 578-79, 14 P.3d 752 (2000); *State v. Roberts*, 142 Wn.2d 471, 512, 14 P.3d 713 (2000). And the required aid or agreement to aid the other person must be "in planning or committing [the crime]." RCW 9A.08.020(3)(i). Statutes are presumed to be constitutional and wherever possible "'it is the duty of [the] court to construe a statute so as to uphold its constitutionality.'" *In re Det. of Danforth*, 173 Wn.2d 59, 70, 264 P.3d 783 (2011) (quoting *State v. Reyes*, 104 Wn.2d 35, 41, 700 P.2d 1155 (1985)). Mr. Holcomb does

7

No. 32155-0-III
*State v. Holcomb*

not overcome this presumption. Given all, like Divisions One and Two, we hold RCW

9A.08.020, the accomplice liability statute, is constitutional.

Affirmed.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

8