# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48071-9-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| KELLEN M. LINNELL, | |
| Appellant. | |

BJORGEN, C.J. — Kellen Linnell appeals his convictions for obstruction of a law

enforcement officer and bail jumping.  He argues that there is insufficient evidence to support (1)

the obstruction offense's elements of willfully hindering, delaying, or obstructing a law

enforcement officer and (2) the bail jumping conviction because the State failed to supply the

requisite corroborating evidence to establish his identity.  We hold that the record supplies

sufficient evidence to support the two convictions.  Accordingly, we affirm.

### FACTS

On November 28, 2011, "Occupy Olympia" activists, including Linnell, met with

legislators at the legislative building in Olympia.  As evening arrived, police officers encouraged

individuals to leave because the building was closing.  Many protestors did not leave, which

escalated their interactions with police officers and ultimately led to some activists being

arrested.

As Theodore Dehart, a sergeant with the Washington State Patrol, was attempting to escort activists out of the building, an individual bit Dehart's arm. While Dehart was bent over trying to restrain the individual, Linnell jumped onto Dehart's back. Dehart was wearing a tactical vest with the word "police" written on it. Report of Proceedings (RP) at 34.

Nearby, Kevin Arras, a lieutenant with the Washington State Patrol, observed Linnell jump onto Dehart. Arras immediately came to Dehart's aid and pulled Linnell off of Dehart. Linnell began to yell and flail his arms. Arras "took him right to the ground, and ended up on his back." RP at 113. Arras repeatedly told Linnell to stop flailing, but the thrashing increased. Linnell started pulling items off Arras's weapons belt, including his phone. Arras again told him to stop. Due to Linnell's movements, Arras felt his gun on his gun belt start to move, prompting him to perform a "carotid restraint" technique, also known as a choke hold, which made Linnell "tap out" and submit to Arras. RP at 116-18. Zachary Elmore, a lieutenant with the Washington State Patrol, observed Arras "holding" and "controlling" Linnell on the ground. RP at 133. At Arras's request, Elmore completed the arrest of Linnell.

Linnell appeared in Thurston County Superior Court the next day. The court entered a conditions of release order under case number 11-1-018486 and set bail at $1,500. The order bore Linnell's signature. Linnell posted the $1,500 bail for charges of third degree assault and obstructing a law enforcement officer. On December 13, 2011, Linnell was arraigned, and the court entered an order setting dates for an omnibus hearing. The order also stated the following in bolded text:

> **The defendant is required to be present at all hearings scheduled in this matter**
> **. . . .**
> **FAILURE TO APPEAR WILL RESULT IN A WARRANT BEING ISSUED**
> **FOR YOUR ARREST.**

Ex. 9. Linnell signed under the portion of the document stating, "Copy Received by." Ex.

9.

On July 2, 2012, the court held an omnibus hearing and entered an agreed order of trial

continuance, setting a status hearing[1] for November 7, 2012. On that order, the following text

appears:

> *THE DEFENDANT MUST APPEAR FOR TRIAL AND FOR ALL*
> *SCHEDULED HEARINGS. FAILURE TO APPEAR MAY RESULT IN*
> *ISSUANCE OF AN ARREST WARRANT, FORFEITURE OF BAIL, AND*
> *CRIMINAL PROSECUTION FOR BAIL JUMPING.*

Ex. 10-11. The order bore Linnell's signature.

On November 7, 2012, the court entered an order finding that Linnell had not appeared

for his status hearing scheduled on that date. The court also ordered a bench warrant for his

arrest. About a year and a half later, on May 29, 2014, a deputy sheriff served the bench warrant

and arrested Linnell. He was charged by amended information with third degree assault,

obstructing a law enforcement officer, and bail jumping.

At trial, Dehart, Arras, and Elmore testified about the incident at the legislative building.

In addition, Arras identified Linnell in the courtroom as the individual he pulled off Dehart's

---

[1] A "status hearing" is for parties to determine whether they are ready to proceed to trial.

back and restrained. Elmore identified Linnell in the courtroom as the person whom he arrested for Arras. Dehart identified Linnell in the courtroom as a person whom Elmore arrested. Through the Thurston County Clerk, the State admitted the certified orders and documents discussed above, eliciting their contents to establish that Linnell had notice of, but ultimately missed his November 7, 2012 status hearing.

The jury acquitted Linnell on third degree assault, but found him guilty of obstructing a law enforcement officer and bail jumping. He appeals.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

1.    Legal Principles

Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits a reasonable juror to find the essential elements of the crime beyond a reasonable doubt. *State v. McPherson*, 186 Wn. App. 114, 117, 344 P.3d 1283, *review denied*, 183 Wn.2d 1012 (2015). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences that a juror can draw from that evidence. *Id.* at 117-18. All reasonable inferences from the evidence must be drawn in favor of the State and interpreted strongly against the defendant. *State v. Miller*, 179 Wn. App. 91, 104, 316 P.3d 1143 (2014). Circumstantial evidence is no less reliable than direct evidence. *Id.* at 105. We "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

2.    Obstruction of a Law Enforcement Officer

Linnell argues that there is insufficient evidence to support the elements of willfully hindering, delaying, or obstructing a law enforcement officer. We disagree.

"A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020. "'Willfully means to purposefully act with knowledge that this action will hinder, delay, or obstruct a law enforcement officer in the discharge of the officer's official duties.'" *State v. Ware*, 111 Wn. App. 738, 743, 46 P.3d 280 (2002) (quoting 11A WASH. PRACTICE: WASH. PATTERN JURY INSTRUCTIONS: CRIMINAL § 120.02.01 (2d Ed. 1994 & Supp. 1998). Jury instruction 11 defined "willfully" in exactly the same terms. CP at 116. "'Hinder' means 'to make slow or difficult the course or progress of.'" *State v. Steen*, 164 Wn. App. 789, 798, 265 P.3d 901 (2011) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1070 (2002)). "'Delay' means 'to stop, detain, or hinder for a time . . . to cause to be slower or to occur more slowly than normal.'" *Id.* (alteration in original) (quoting WEBSTER'S at 595). "'Obstruct' means 'to be or come in the way of: hinder from passing, action, or operation.'" *Id.* (quoting WEBSTER'S at 1559).

In the present case, Linnell was charged with obstructing Arras in the discharge of his duties, not Dehart. The record reflects that Linnell was attending an event where scuffles between the police and activists occurred. During one of those incidents, Linnell jumped on the back of Dehart while he was restraining an individual. Dehart was wearing a tactical vest with "police" written on it. Arras pulled Linnell off Dehart's back and took him to the ground. Linnell flailed and thrashed, and Arras repeatedly told him to stop. Linnell's resistance caused Arras's phone to fall out of his belt and his gun to loosen in its holster. It was not until Arras employed a choke hold that Linnell submitted to his arrest. From these facts, a reasonable juror could determine that Linnell purposefully acted with knowledge that his actions would hinder, delay, or obstruct Arras, a law enforcement officer, in the discharge of his official duties.

5

Linnell argues that because he was struck from behind, taken to the ground, and strangled all within seconds, his flailing and resistance were consistent with him not purposefully acting with knowledge to hinder Arras. However, we "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *Thomas*, 150 Wn.2d at 874-75. A reasonable juror could have inferred that Linnell purposefully acted with knowledge that he was obstructing Arras, a police officer, from (1) the numerous police officers present during the Occupy Olympia demonstration; (2) Linnell jumping on Dehart, another police officer, indicating that whoever pulled him off of Dehart's back was likely also a police officer; (3) Linnell delaying his arrest by continuing to thrash and flail despite Arras's repeated commands to stop; and (4) Linnell touching Arras's gun belt by grabbing and resisting to the point where the items fell out or came loose.

Accordingly, sufficient evidence supports each element of the obstruction offense.

3.    Bail Jumping

Linnell argues that there is insufficient evidence to support the bail jumping conviction because the State failed to supply sufficient corroborating evidence to establish his identity. We disagree.

"Any person having been . . . admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, . . . and who fails to appear . . .as required is guilty of bail jumping." RCW 9A.76.170(1).

Here, the trial court admitted a "Conditions of Release" order for a Kellen Linnell,

assigning him the case number 11-1-018486, setting bail at $1500.00, and bearing his signature.

It admitted a surety bond of $1,500 for a Kellen Linnell under the same case number and for

charges related to obstruction of a police officer and third degree assault. Ex. 6. It admitted an

order setting a date for his omnibus hearing under the same case number, which stated the failure

to appear at any hearing would result in his arrest. Ex. 8-9. It admitted an omnibus order under

the same case number that bore a Kellen Linnell's signature and that stated he would appear for a

status hearing on November 7, 2012. Ex. 10-11. This order also contained a reminder that a

defendant may be charged with bail jumping if any hearing was missed. Ex. 11. Finally, the

State admitted an order under the same case number establishing that a Kellen Linnell missed the

status hearing on November 7, 2012. Ex. 13. These exhibits establish that a Kellen Linnel

assigned case number 11-1-018486 and charged with third degree assault and obstruction of a

police officer missed a status hearing.

Linnell argues that this evidence is insufficient because the State failed to provide

corroborating evidence that the Kellen Linnell in these orders and documents was the same

Kellen Linnell in the courtroom. In *State v. Huber*, 129 Wn. App. 499, 500-01, 504, 119 P.3d

388 (2005), we reversed Huber's bail jumping conviction because the State admitted only

exhibits to establish that the Huber charged was the same Huber in the documents. We

observed:

> It is axiomatic in criminal trials that the prosecution bears the burden of establishing beyond a reasonable doubt the identity of the accused as the person who committed the offense.
>  . . . .
> To sustain this burden when criminal liability depends on the accused's being the person to whom a document pertains . . . the State must do more than authenticate and admit the document; it also must show beyond a reasonable doubt that the person named therein is the same person on trial. Because in many instances men

> bear identical names, the State cannot do this by showing identity of names alone. Rather, it must show, by evidence independent of the record, that the person named therein is the defendant in the present action.

*Id.* at 501-02 (footnotes omitted) (quotation marks omitted). Following *Huber*, Linnell is correct that the State's exhibits alone do not supply sufficient evidence to uphold the bail jumping conviction.

The State argues, however, that because his obstruction charge was tried with bail jumping, and Dehart, Arras, and Elmore all identified Linnell in the courtroom as the person who hindered Arras, there was sufficient corroborating evidence to establish that the Kellen Linnell in the orders and documents was the same as the one in the courtroom. We agree.

In contrast to *Huber*, the State did more than admit exhibits to establish that an individual named Kellen Linnell jumped bail. Rather, it provided evidence that officers observed an individual named Kellen Linnell assaulting and obstructing a police officer on November 28 in Olympia, and, that a Kellen Linnell who appeared in Thurston County Superior Court the very next day and shortly thereafter posted bail for assault and obstruction charges. This evidence supplies a locale and chronological link that the Kellen Linnell who was observed and arrested on November 28 in Olympia was the same one who appeared in Thurston County Superior Court the next day on the same charges. Thus, the officers' identification of Linnell at trial in tandem with the exhibits supply the requisite evidence to establish that the Kellen Linnell in the courtroom was the same Kellen Linnell in the orders who had notice of a status hearing on November 7, 2012, yet missed it.

The State supplied the requisite corroborating evidence that the Kellen Linnell in the courtroom was the same as the one in the orders and documents who failed to appear. Thus, sufficient evidence supports his conviction for bail jumping.

CONCLUSION

The evidence is sufficient to uphold Linnell's convictions, and we affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
BJORGEN, C.J.

We concur:

_____
JOHANSON, J.

_____
MELNICK, J.