IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38953-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TODD JAMES WIXON, | ) | PUBLISHED OPINION |
| Also known as Arlo James Allen, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Todd Wixon entered a fenced backyard and attempted to pry open the locked back door of the house. The homeowner confronted Wixon and tackled him as he attempted to run away. Wixon was convicted of residential burglary and third degree assault among other charges. On appeal he challenges the sufficiency of the evidence for these two charges. We agree that the evidence is insufficient.

Residential burglary requires proof that the defendant entered a dwelling. A dwelling is defined to include a building or portion thereof used for lodging. As interpreted by *State v. Neal*, 161 Wn. App. 111, 113, 249 P.3d 211 (2011), residential burglary requires entry into a building primarily used for lodging, or entry into a portion of a building where that portion is used for lodging. Here, the State argues that the house was primarily used for lodging and the fenced area was so connected to the house that it

was part of the house.  The State contends that entry into the fenced area could be entry into the house.

The ordinary definition of a "building" means the secured area enclosed by walls and a roof.  We hold that to enter a building used for lodging means to enter within the area secured by the walls and roof.  Under this definition, entry into an area outside the walls and roof cannot be entry into the building.  Under this legal definition, the fenced backyard was not part of the walls and roof of the house.  Thus, Wixon's entry into the fenced backyard could not constitute entry into the house.  Because there is no other evidence that Wixon entered a dwelling, the evidence is insufficient to support the conviction for residential burglary.

We also conclude that the evidence is insufficient to support Wixon's conviction for third degree assault.  The jury was instructed that third degree assault requires proof that Wixon assaulted the homeowner with the intent to prevent or resist the lawful apprehension or detention of himself.  The homeowner could lawfully detain Wixon if Wixon committed a felony.  The only felony identified for the jury was residential burglary.  The State concedes that if the evidence is insufficient to support the residential burglary conviction, under the law of the case the State failed to prove that Wixon was committing a felony at the time the homeowner detained him.  Thus, the homeowner's detention was not lawful and the evidence is insufficient to support a finding that Wixon

2

assaulted the homeowner with the intent to prevent or resist his lawful apprehension or detention.

We reverse the convictions for residential burglary and third degree assault and dismiss the charges with prejudice. We affirm Wixon's remaining convictions and remand for resentencing.

BACKGROUND

Because Wixon challenges the sufficiency of the evidence used to convict him, we consider the facts in a light most favorable to the State to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009).

In 2016 a homeowner went to see why his dog was barking and observed Wixon outside his house trying to enter through the back door. The homeowner testified that Wixon had a pry bar type tool and a hammer, and was pounding at the deadbolt on the door. Once the homeowner made eye contact, Wixon "[s]topped what he was doing, grabbed the tool and a bag, and started running" through the backyard. Rep. of Proc. (RP) (May 16, 2022) at 137. The homeowner chased after him. Wixon reached the fence gate, kicked it open, and continued to run. Once Wixon reached the front yard the homeowner tripped him, causing him to drop the crowbar and bag. The homeowner yelled for his neighbors to call the police. The homeowner testified that Wixon had tried to swing the crowbar at the homeowner and bite the homeowner, so the homeowner had

his right arm under Wixon's arm while the homeowner held his left arm around Wixon's neck until police arrived.

The State charged Wixon with first degree burglary, second degree assault, and possession of burglary tools. Wixon remained on bench warrant status for nearly five years, and after returning to Spokane he was arrested in January 2022. The State amended the information, charging Wixon with residential burglary, third degree assault, possession of burglary tools, and included two counts of bail jumping.

At trial, the homeowner testified that his backyard was entirely enclosed by a wood fence that was four feet or six feet high in various places. Exhibits introduced at trial showed that the back door led to an uncovered concrete patio with planters and a picnic table in the backyard. Access to the fenced yard was through two gates or the detached garage. The homeowner testified that the fence went all the way up to his house, adjacent to it, without any gaps, but there was no evidence that the area within the fenced yard was used for lodging.

At the close of the State's evidence, Wixon moved to dismiss the charge of residential burglary, arguing that the State needed to prove Wixon entered a dwelling and the fenced backyard in this case did not qualify as a dwelling. The court denied Wixon's

4

motion, reasoning that a "dwelling" included a building and a "building" included a fenced area. RP (May 17, 2022) at 100-01.[1]

The court then instructed the jury. With respect to the charge of third degree assault, the jury was instructed that in order to convict Wixon, the State must prove that Wixon assaulted "another with the intent to prevent or resist the lawful apprehension or detention of himself." Clerk's Papers (CP) at 155. Additionally, the jury was instructed that "[t]he use of force [by the homeowner] is not unlawful whenever necessarily used by a person arresting one who has committed or is committing a felony." CP at 145. And "[t]he crime of Residential Burglary is a felony level offense." CP at 139.

The jury found Wixon guilty of all charges.

On appeal, Wixon challenges his convictions for only residential burglary and third degree assault.

## ANALYSIS

1.   RESIDENTIAL BURGLARY

Wixon contends the State did not prove he was guilty of residential burglary because, as a matter of law, the homeowner's backyard was not a dwelling. The State maintains that since the fenced area could legally be considered a part of the house, which was used for lodging, it was up to the jury to decide factually whether the fenced area was actually part of the house.

---

[1] On appeal, the State does not defend the trial court's logic.

Ordinarily, whether a specific area can be considered part of a dwelling is a question of fact. *State v. McPherson*, 186 Wn. App. 114, 344 P.3d 1283 (2015). But the definition of a term is a question of law because it requires us to construe the statute. Construction of a statute is a question of law reviewed de novo. *Engel*, 166 Wn.2d at 576. Where the language of a statute is clear, the legislature's intent will be derived from the plain language of the statute. *Id.* at 578. "We apply traditional grammar rules to determine the plain meaning of a statute." *Neal*, 161 Wn. App. at 113. "Absent a contrary legislative intent, we give a term that is not defined by statute its ordinary meaning." *State v. Wentz*, 149 Wn.2d 342, 352, 68 P.3d 282 (2003). If the plain meaning of the statute is susceptible to more than one reasonable meaning, then "the statute is ambiguous and it is appropriate to resort to aids to construction, including legislative history." *Dep't of Ecology v. Campbell & Gwinn, LLC.*, 146 Wn.2d 11, 12, 43 P.3d 4 (2002).

Whereas first and second degree burglary require proof of entry into a building, residential burglary requires a person to enter or remain unlawfully in a *dwelling* other than a vehicle with the intent to commit a crime against a person or property therein. RCW 9A.52.020(1) (first degree burglary); .025(1) (residential burglary); .030 (second degree burglary). A "dwelling" includes "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging."

6

RCW 9A.04.110(7). In turn, a "'building,' in addition to its ordinary meaning, includes any dwelling, [or] fenced area." RCW 9A.04.110(5).

These definitions are somewhat circular. Here, the parties agree that a dwelling includes a building and a "building" includes a fenced area. *See Wentz*, 149 Wn.2d at 346 (six-foot fence around backyard was a "building" for purposes of the first degree burglary statute). Wixon even agrees that entry into the fenced yard would support a charge of second degree burglary. He argues, however, that even if a fenced area can be considered a building for purposes of second degree burglary, a fenced area is not ordinarily used for lodging and thus it does not constitute a dwelling for purposes of residential burglary. The State concedes that "a fenced area wholly disconnected from a residence would fail as a matter of law to constitute a dwelling unless a person was actually using the area for lodging," but contends that when a fenced area is connected to the outside of a building that is used for lodging (a house), then the fenced area could be considered a part of the house and, thus, part of a dwelling. Resp Br. at 14, 18.

In support of this position, the State cites *Neal*, 161 Wn. App. 111. In *Neal* the court interpreted the term "dwelling" to determine whether entry into a tool room located inside an apartment building was entry into a dwelling used for lodging. After construing the legal definition, the court held that a "'dwelling' may be a building or structure used [primarily] for lodging, or it may be any portion of a building where the portion is used

for lodging."[2] *Id*. at 114. Since the apartment building was primarily used for lodging,

entry into any part of the building, including the tool room, was entry into a building used

for lodging even though the tool room was not actually used for lodging. *Id*. at 113-14.

*Neal* is helpful, but it does not answer the question posed in this case. The State

argues that since the fence in this case abutted the house, the fenced yard could be

considered part of the house, which was used primarily for lodging, similar to the tool

room in *Neal*. Under the State's theory, entry into the fenced area was entry into the

house. We disagree. Even though the fence touches the outside of the building (house),

this does not make the fenced area part of the building.

To decide this question, we must first determine the definition of a building used

for lodging. While the legal definition of a "building" includes examples such as a

dwelling and a fenced area, it also indicates that these examples are "in addition to [the]

ordinary meaning."[3] RCW 9A.04.110(5). The ordinary meaning of a "building" is "a

constructed edifice designed to stand more or less permanently, covering a space of land,

usu[ally] covered by a roof and more or less completely enclosed by walls, and serving as

---

[2] The *Neal* court used the example of Quasimodo living in the organ loft of the Notre Dame. Since the cathedral itself is not used for lodging, entry into the cathedral would not be entry into a dwelling, but entry into the loft where Quasimodo stayed would be entry into that portion of the building that is used for lodging. *Neil*, 161 Wn. App. at 114.

[3] While the definition of "building" includes a fenced area, the State concedes that a fenced area would not ordinarily be used for lodging. Instead, the State argues that a fenced area that is connected to a dwelling can become part of the dwelling.

a dwelling, storehouse, factory, shelter for animals, or other useful structure."

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 292 (1993). Under this definition,

a building is the secured area enclosed by walls and a roof. In contrast, the areas outside

of the walls and roof of a building would not be part of the building.

The cases cited by the State support this interpretation of a building. In *State v.*

*Moran*, the defendant entered a crawlspace beneath the house by removing lattice

hanging from a deck, crawling under the deck, and going through an access door built

into the foundation of the house. 181 Wn. App. 316, 319, 324 P.3d 808 (2014). Inside

the access door was a lighted area under the house with a dirt floor covered in plastic.

The court held that entry into the area beneath the living space was entry into the house.

*Id*. at 322.

In *State v. Murbach*, the defendant entered an attached garage. 68 Wn. App. 509,

843 P.2d 551 (1993). Because the attached garage was part of the house, which was

itself used for lodging, entry into the garage constituted entry into a building used for

lodging. *Id*. at 513.

In *State v. McPherson*, the defendant entered a jewelry store through a hole in a

common wall. 186 Wn. App. 114, 344 P.3d 1283 (2015). The jewelry store owner's son

lived in an apartment above the store that was accessed by stairs located inside the store

through a "'swinging door' at the bottom of the stairway and a door at the top of the

stairs that did not lock." *Id*. at 116-17. Recognizing the distinction made in *Moran*,

Division Two held that because the jewelry store could be considered part of the apartment building, it was a question of fact for the jury as to whether the building was primarily used for lodging so that entry into the store was entry into a dwelling. *Id*. at 118-19. The court held that the evidence was sufficient for the jury to find that the jewelry store was part of the apartment, noting that the store and apartment occupied the same structure, the apartment was not separately secured, and the sole access to the apartment was through the store. *Id*. at 119.

While these cases have not considered the ordinary meaning of a building, they have consistently held that entry into a part of the building used as a dwelling occurred when the person entered the enclosed area secured by the walls and the roof of the building. A tool room inside an apartment building, a crawlspace inside the foundation, an attached garage, and a first-floor store are all within the walls and roof of the building. On the other hand, while a fenced area might independently qualify as a building, it is not part of a building used for lodging (i.e. a dwelling), because it is not part of the area secured by the walls and roof of the building.

Applying the ordinary definition of building harmonizes the various degrees of burglary. It maintains the distinction between residential burglary and second degree burglary. *See* RCW 9A.52.025 (residential burglary); .030 (second degree burglary). As Wixon points out, when the legislature defined a building to include both a fenced area and a dwelling, the legislature presumably intended the terms "dwelling" and "fenced

10

area" to mean different things to avoid a redundant definition. *State v. Eyman*, 24 Wn.

App. 2d 795, 841, 521 P.3d 265 (2022); *Snohomish County Fire Prot. Dist. No. 1 v.

Wash. State Boundary Rev. Bd.*, 155 Wn.2d 70, 77-78, 117 P.3d 348 (2005) (courts will

attempt to interpret a statute to avoid rendering a proviso redundant).[4]

Even if we were to find the term "building" to be ambiguous, the legislative

history supports interpreting building according to its ordinary meaning. Residential

burglary was added as a new crime by the legislature in 1989. *See* LAWS OF 1989, 2d Ex.

Sess., ch. 1, § 1. The purpose of creating this new crime was for those incidents in which

an individual enters a dwelling for the purpose of committing a crime against either a

person or their property. LAWS OF 1989, 2d Ex. Sess., ch. 1, § 4. The existing crime of

second degree burglary was retained for cases that involved a building other than a

dwelling, including a fenced area. LAWS OF 1989, 2d Ex. Sess., ch. 1.

Finally, any remaining ambiguity would be resolved by the rule of lenity, which

provides that an ambiguous penal statute will be construed against the State. *State v.

Weatherwax*, 188 Wn.2d 139, 155, 392 P.3d 1054 (2017).

We hold that while a building can include a dwelling and can also include a fenced

area, the legislature intended these to be separate structures. As a matter of law, a fenced

---

[4] The statutory definition of a "building" also provides a further qualification: "each unit of a building consisting of two or more units separately secured or occupied is a separate building." RCW 9A.04.110(5). This qualification is not inconsistent with the ordinary definition of a building.

area that is not within the walls and roof of a building cannot become part of the building simply because the fence abuts the outside of the building. Because the only evidence in this case is that Wixon was found in the fenced area outside of the building used for lodging, and not inside any part of the building, the evidence is insufficient to support the conviction for residential burglary.

2.      THIRD DEGREE ASSAULT

Wixon argues that the evidence is also insufficient to convict him of third degree assault because, under the law of the case, the prosecutor had to prove that he was committing residential burglary. We agree.

A person is guilty of third degree assault if, "with intent to prevent or resist . . . lawful apprehension or detention of himself, . . . assaults another." RCW 9A.36.031(1)(a). The jury was instructed that to convict Wixon of third degree assault the State must prove: 1) that on or about May 17, 2016, Wixon assaulted the homeowner; and 2) "the assault was committed with intent to prevent or resist the lawful apprehension or detention." RP (May 17, 2022) at 169.

Use of force may be lawful when "used by a person arresting [another] who has committed a felony [for the purpose of] delivering him or her to a public officer." RCW 9A.16.020(2). The jury was instructed that residential burglary was a felony but no other felonies were identified for the jury.

Wixon's entry into the fenced area may still qualify as a felony even if it is not residential burglary, however, residential burglary was the only felony identified for the jury. *See State v. Johnson*, 188 Wn.2d 742, 755, 399 P.3d 507 (2017) (Under the "law of the case" principle, "'jury instructions that are not objected to are treated as the properly applicable law for purposes of appeal.'") (quoting *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005)).  The State concedes that if the evidence is insufficient to convict Wixon of residential burglary then it is also insufficient to convict him of third degree assault.  We agree and accept the State's concession.

We reverse the convictions for residential burglary and third degree assault and dismiss those charges with prejudice.  We affirm the remaining convictions and remand for resentencing.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.