[No. 9678-5-III.    Division Three.    November 21, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL L. WILSON, *Appellant.*

*David Gorrie,* for appellant (appointed counsel for appeal).

*David A. Pitts, Prosecuting Attorney,* for respondent.

GREEN, J.—Paul L. Wilson was convicted of two counts of indecent liberties following a bench trial. He appeals contending the court erred by (1) granting the State's motion to amend the information by adding an additional count on the day of trial; (2) denying his motion for mistrial or dismissal based on the State's failure to disclose evidence discovered by it prior to trial; and (3) admitting a hearsay statement. He also contends the evidence was insufficient to support the convictions. We affirm.

On August 12, 1988, Mr. Wilson was charged with two counts of indecent liberties involving L, a 5–year–old girl, and J, Mr. Wilson's 4–year–old daughter. Based upon additional interviews by the State with the child witnesses the weekend before trial, the State moved to amend the information on the day of trial to include a third count of indecent liberties by forcible compulsion involving L. The court granted the motion over Mr. Wilson's objection. The incidents allegedly took place in the neighborhood where L

lived and where J visited her father on weekends. Five neighborhood children who witnessed the incidents and J's mother testified at trial. Several of Mr. Wilson's acquaintances and relatives testified on his behalf. Mr. Wilson in his testimony denied the charges. The court acquitted him on count 1 and found him guilty on counts 2 and 3. He appeals.

First, Mr. Wilson contends the court erred in granting the State's motion to amend the information by adding a third count of indecent liberties. We find no error.

■■ CrR 2.1(e) permits an amendment "at any time before verdict or finding if substantial rights of the defendant are not prejudiced." Amendments are addressed to the sound discretion of the trial court. *State v. Collins,* 45 Wn. App. 541, 551, 726 P.2d 491 (1986), *review denied,* 107 Wn.2d 1028 (1987). To prove an abuse of that discretion, the defendant must demonstrate he was prejudiced. *Collins,* at 551. Mr. Wilson argues that addition of the third count added a new theory that prejudiced him, citing *State v. Russell,* 101 Wn.2d 349, 678 P.2d 332 (1984). *Russell* is not applicable here because it dealt with the issue of whether the State can amend the information on retrial pursuant to CrR 4.3(c)(3). Since no specific evidence was offered to support a claim of prejudice, it must fail. Moreover, Mr. Wilson could have requested a continuance, but did not. *State v. Laureano,* 101 Wn.2d 745, 762, 682 P.2d 889 (1984). His failure to do so was a waiver of his claimed error.

Second, Mr. Wilson contends the court erred in denying his motion for mistrial or dismissal of count 2 based upon the State's alleged failure to disclose evidence discovered by it before trial.

CrR 4.7(a)(1)(i) requires the prosecutor to disclose to the defendant the names and addresses of persons intended to be called at trial and their written or oral statements. The duty to disclose is a continuing one. CrR 4.7(h)(2). The failure to comply with these rules may result in a continuance, dismissal, or "such other order as [the court] deems

just under the circumstances." CrR 4.7(h)(7)(i); *State v. Jones,* 33 Wn. App. 865, 869, 658 P.2d 1262, *review denied,* 99 Wn.2d 1013 (1983). The trial court's power to dismiss is discretionary and reviewable only for a manifest abuse. *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976).

Here, the prosecutor asked one of the child witnesses, without objection, whether the child knew what an erection was, followed by a question whether Mr. Wilson had an erection when he touched J. After cross examination of the witness, Mr. Wilson moved to dismiss count 2, or alternatively for a mistrial. The court denied the motions stating it would disregard not only the objectionable portion of the testimony, but all of the witness' testimony on count 2.

The State contends it did not intentionally withhold information and the testimony was merely an elaboration of the statement already made and provided to Mr. Wilson. The claimed error, if any, was waived by failing to make a timely objection. Notwithstanding, prejudice, if any, to Mr. Wilson was obviated by the court's decision to disregard the witness' testimony. The court is not limited to the sanctions listed in CrR 4.7(h)(7)(i), but may enter such order as it deems just under the circumstances. *State v. Jones, supra* at 869.

The argument that the evidence affected the court as to counts 1 and 3 may not be raised on appeal when his objection at trial was limited to its effect on count 2. *Smith v. Shannon,* 100 Wn.2d 26, 37, 666 P.2d 351 (1983). Further, Mr. Wilson was acquitted of count 1. As to count 3, the court is presumed to disregard the excluded evidence and consider only that evidence properly before the court. *In re Wilson,* 91 Wn.2d 487, 490, 588 P.2d 1161 (1979). We find no abuse of discretion.

Third, Mr. Wilson contends he was denied his right of confrontation by the admission of a hearsay statement by L. We find no error.

Near the close of trial, the prosecution informed the court and defense counsel he intended to offer the testimony of one of the child witnesses that L, upset and crying,

told the witness Mr. Wilson had touched her in her private areas immediately after one of the incidents. This testimony was offered as an excited utterance. Defense counsel objected on the basis of hearsay and stated, "Well, it doesn't sound like an excited utterance to me. It is certainly within the ball park if the Court finds it as admissible. If the court doesn't, it sounds to me like it's hearsay." The court permitted the witness to testify as to L's statement.

■ Here, L was not produced as a witness but her statement was admitted as an excited utterance under ER 803:

(a) **Specific Exceptions.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(2) *Excited Utterance.* A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

Temporal proximity allows the court to determine whether the statement was made while the declarant was under the influence of the event, absent other evidence of the declarant's state of mind. *State v. Fleming,* 27 Wn. App. 952, 956, 621 P.2d 779 (1980), *review denied,* 95 Wn.2d 1013 (1981). The fact L was upset and crying and made the statement within minutes after the incident indicates she was still under the influence of the event. *State v. Fleming, supra.* L's statement was properly admitted as an excited utterance.

Mr. Wilson's contention that his confrontation rights were violated is not meritorious. Hearsay admissions do not violate confrontation rights if the declarant is produced or shown to be unavailable and the statements are reliable. *Ohio v. Roberts,* 448 U.S. 56, 65, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980); *State v. Ryan,* 103 Wn.2d 165, 170, 691 P.2d 197 (1984). Reliability can be inferred here because L's statement as an excited utterance falls within a firmly rooted hearsay exception.

■ With respect to the question of unavailability, the record is silent as to why L was not produced as a witness.

When the State offered L's statement, Mr. Wilson agreed to the admission of the statement if the court found it met the prerequisites of an excited utterance. Mr. Wilson showed no interest in calling L as a witness nor did he question her unavailability. Although the unavailability of the declarant is "normally" required, it is not "necessarily" required. *State v. Hieb,* 107 Wn.2d 97, 106, 727 P.2d 239 (1986). When a defendant's apparent trial tactics indicate his intention not to seek cross examination, the "unavailability" factor will not be applied to require exclusion of the hearsay statement. *State v. Boast,* 87 Wn.2d 447, 455, 553 P.2d 1322 (1976). Since the statement possessed sufficient indicia of reliability as an excited utterance, the unavailability of L for cross examination did not deny Mr. Wilson his confrontation rights. Even if his right to confrontation was violated, the remaining overwhelming, untainted evidence produced by eyewitnesses rendered the error harmless. *Hieb,* at 110.

Finally, Mr. Wilson contends there was insufficient evidence to support finding the sexual contact was for the purpose of sexual gratification under former RCW 9A.44-.100(2)(a). We disagree.

██ The standard for determining sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Knauff,* 46 Wn. App. 877, 880, 733 P.2d 991, *review denied,* 108 Wn.2d 1012 (1987). Mr. Wilson's contention was raised and rejected in *State v. Ramirez,* 46 Wn. App. 223, 730 P.2d 98 (1986). There, the court found that when an unrelated adult male with no caretaking function is proved to have touched the intimate parts of a child, the jury may infer that the touching was for the purpose of sexual gratification. At the time these acts occurred, Mr. Wilson was not involved in any caretaking function. Although the above rule does not apply to Mr. Wilson's daughter, the fact finder may also consider the circumstantial evidence surrounding the touching. *State v. Hall,* 40 Wn. App. 162,

167, 697 P.2d 597, *review denied,* 104 Wn.2d 1001 (1985). In both cases the touching occurred outdoors in a place where he and the girls would not be easily observed and Mr. Wilson was only partially clothed. The incident involving his daughter reflects she was disrobed. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found in both counts the sexual contact was done for the purpose of sexual gratification. There is no error.

Affirmed.

MUNSON, A.C.J., and SHIELDS, J., concur.

Review denied at 114 Wn.2d 1010 (1990).