[No. 11563-1-III.    Division Three.    January 19, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. KATHLEEN
MARIE MURBACH, *Appellant*.

*William Osler McCarthy,* for appellant.

*John G. Wetle, Prosecuting Attorney,* for respondent.

THOMPSON, A.C.J. — Kathleen Marie Murbach appeals her jury convictions on charges of residential burglary and second degree malicious mischief. She contends the court erred when it allowed the State to amend the information on the morning of trial from second degree burglary to residential burglary, a violation of RCW 9A.52.025. She asserts the late amendment prejudiced her, or, alternatively, the attached garage which she allegedly entered is not a "dwelling", as that term is used in RCW 9A.52.025. We affirm.

At approximately 12:30 a.m. on July 1, 1990, Chewelah Police Officer Wayne Adair was called to the residence of Becky and Mark Scheel. The Scheels' 15- and 16-year-old sons reported that minutes before they had observed their neighbor, Kathleen Murbach, emerge from their garage, then walk within a few feet of where they were camped in the yard in their sleeping bags. When the boys investigated, they found that the Scheels' 1987 Bonneville had been damaged; someone had scratched it with a sharp object. Following an investigation by Officer Adair and Stevens County Deputy Sheriff Robert Collins, Mrs. Murbach was charged with second degree burglary and malicious mischief.

On the morning of trial, the State moved to amend the information to change the second degree burglary charge to residential burglary. Effective July 1, 1990 (the same day as the alleged burglary), RCW 9A.52.025(1) created the new crime of residential burglary. It provides:

> A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle.

The new second degree burglary statute excludes from its definition the unlawful entry of a dwelling. RCW 9A.52.030.[1] Defense counsel unsuccessfully objected to the amendment, arguing Mrs. Murbach would be prejudiced:

---

[1]RCW 9A.52.030(1) provides:

"A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling."

[P]erhaps there would be a defense if the State failed to prove, as they have charged her now, that she committed burglary in the second degree. [Also, there is] the fact that the residential burglary [statute] carries with it a prison sentence versus county jail time . . ..[2]

At trial, the Scheel sons identified Mrs. Murbach as the woman they saw leaving the garage that evening. Mrs. Scheel said the 1987 Bonneville was parked in the garage which is attached to their house. A door connects the house and the garage. She stated the bill for repairing the scratches to the vehicle came to $1,319.20. According to Mrs. Scheel, her relationship with Mrs. Murbach had been strained for several years because she had testified in behalf of Mrs. Murbach's ex-husband in a custody dispute. Mrs. Murbach took the stand and denied the allegations. The jury returned a guilty verdict.

Mrs. Murbach contends the court erred when it allowed the State to amend the information from second degree burglary to residential burglary.

■ Under CrR 2.1(e),

The court may permit any information . . . to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

"It is well settled that defendants cannot claim error from the amendment of an information unless they are prejudiced thereby." *State v. Laureano*, 101 Wn.2d 745, 761, 682 P.2d 889 (1984), *overruled on other grounds in State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988). In *State v. Wilson*, 56 Wn. App. 63, 65, 782 P.2d 224 (1989), *review denied*, 114 Wn.2d 1010 (1990), the court rejected the defendant's argument that amendment of the information to add a third count prejudiced him, reasoning: "[s]ince no *specific* evidence was offered to support a claim of prejudice, it must fail."

---

[2]RCW 9A.52.025(2) provides:

"Residential burglary is a class B felony. In establishing sentencing guidelines and disposition standards, the sentencing guidelines commission and the juvenile disposition standards commission shall consider residential burglary as a more serious offense than second degree burglary."

(Italics ours.) *Wilson*, at 65. *See also State v. James*, 108 Wn.2d 483, 489, 739 P.2d 699 (1987).

■ Mrs. Murbach points out that if the original charge was improper because second degree burglary excludes unlawful entry into dwellings, then the amendment deprived her of a defense she otherwise would have had. This is not the type of prejudice contemplated by CrR 2.1(e). " 'An amendment to an information at trial may prejudice a defendant by leaving him without adequate time to prepare a defense to a new charge.' " *State v. Purdom*, 106 Wn.2d 745, 749, 725 P.2d 622 (1986) (quoting *State v. Jones*, 26 Wn. App. 1, 6, 612 P.2d 404, *review denied*, 94 Wn.2d 1013 (1980)). "The typical remedy for a defendant who is misled or surprised by the amendment of the information is to move for a continuance to secure time to prepare a defense to the amended information." *Laureano*, at 762. Mrs. Murbach did not request a continuance.

■ Mrs. Murbach also asserts she was prejudiced by the harsher punishment for residential burglary. But in *James*, at 489-90, the court held the possibility of a harsher penalty, standing alone, does not constitute specific prejudice.[3]

Alternatively, Mrs. Murbach maintains the amendment was improper because the fact of unlawful entry of an attached garage does not support a charge of unlawful entry of a "dwelling".

■ Whether an attached garage is part of a "dwelling" for purposes of the residential burglary statute has not been addressed by the courts of this state. Other jurisdictions have ruled on the question. *See, e.g., People v. Moreno*, 158 Cal. App. 3d 109, 204 Cal. Rptr. 17 (1984); *People v. Jiminez*, 651 P.2d 395 (Colo. 1982); *People v. Thomas*, 137 Ill. 2d 500, 561 N.E.2d 57 (1990), *cert. denied*, ___ U.S. ___, 112 L. Ed.

---

[3]Mrs. Murbach cites *State v. Pelkey*, 109 Wn.2d 484, 745 P.2d 854 (1987). *Pelkey* states the rule that *midtrial* amendments charging a different crime are permitted only in situations in which the amendment is to a lesser included offense or to an offense of an inferior degree. *Pelkey*, at 488. Otherwise, the accused's right to be informed of the charge against him is violated. *Pelkey*, at 487. But nothing in *Pelkey* suggests that its reasoning extends to amendments made before trial starts, as here.

2d 1196, 111 S. Ct. 1092 (1991); *State v. Lara*, 92 N.M. 274, 587 P.2d 52 (Ct. App. 1978).

In *Lara*, the New Mexico court construed a statute worded in a similar fashion to RCW 9A.04.110(7), which defines "dwelling" as "any building . . ., *or a portion thereof*, which is used or ordinarily used by a person for lodging". (Italics ours.) The New Mexico statute defines dwelling house as "any structure, *any part of which* is customarily used as living quarters". *Lara*, 92 N.M. at 275. The court held: "Under this definition, . . . burglary of the garage was burglary of the dwelling house because the garage was a part of the structure used as living quarters".[4] *Lara*, 92 N.M. at 275.

We hold the definition of dwelling in RCW 9A.04.110(7) includes the Scheels' attached garage. Such garage is a "portion" of a building used as lodging. We are not persuaded by Mrs. Murbach's reliance on RCW 9A.04.110(5), which defines "building" and provides that "each unit of a building consisting of two or more units separately secured or occupied is a separate building". The obvious intent of the Legislature in so providing was to enable prosecutors to charge separate acts of burglary in situations in which the defendant entered more than one secured unit in an apartment or office building.

The court properly allowed the State to amend the charge to residential burglary. Mrs. Murbach has not shown any specific prejudice to her as a result of the amendment. We also reject her alternative argument that the unlawful entry

---

[4] In *Jiminez*, the court held at page 396: "The statutory definition of dwelling comprehends an entire building", including an attached garage. And in *Moreno*, 158 Cal. App. 3d at 112 the court quoted *People v. Cook*, 135 Cal. App. 3d 785, 795-96, 185 Cal. Rptr. 576 (1982): "[W]here the garage is an *attached and integral part* of the house, it is simply one room of several which together compose the dwelling."

Illinois is the only jurisdiction we found which ruled the opposite. *Thomas*. But there, "dwelling" was defined as "a structure that is 'used by another as a residence or living quarters *in which the owners or occupants actually reside.*'" (Italics ours.) *Thomas*, 137 Ill. 2d at 519 (quoting *People v. Bales*, 108 Ill. 2d 182, 191, 483 N.E.2d 517 (1985)).

of an attached garage is not the unlawful entry of a dwelling.

Affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

MUNSON and SWEENEY, JJ., concur.

Reconsideration denied February 16, 1993.