IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30542-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRANDON S. LANGFORD, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Brandon S. Langford appeals his residential burglary conviction, contending his due process rights were violated because the State failed to prove all essential elements of the crime. He argues the shed he entered was not a "dwelling" within the meaning of RCW 9A.52.025(a). We affirm.

## FACTS

Witnesses observed Mr. Langford in the vicinity of his brother's house carrying a gas can. His brother immediately checked his shed and discovered his gas can was missing. The police were called but were unable to locate Mr. Langford in the immediate area. Later, police responded to another call reporting a prowler less than one mile from the first incident. Police located Mr. Langford hiding under a bush.

The State charged Mr. Langford with residential burglary. At trial, the State offered as evidence a photograph showing the shed and residence were connected by a carport with the shed and house linked by a roof. The jury was instructed to convict Mr. Langford it must find he "entered or remained unlawfully in a dwelling." Clerk's Papers (CP) at 15. The jury was instructed, "Dwelling means any building or structure though movable or temporary, or a portion thereof, that is used or ordinarily used by a person for lodging." *Id.* at 19. The jury found Mr. Langford guilty as charged. He appealed.

## ANALYSIS

The issue is whether sufficient evidence supports Mr. Langford's conviction for residential burglary in violation of his constitutional due process right to have every element proved beyond a reasonable doubt. "In a criminal prosecution, due process requires the State to prove every element of the charged crime beyond a reasonable doubt." *State v. Smith*, 155 Wn.2d 496, 502, 120 P.3d 559 (2005).

Mr. Langford contends the State's evidence was insufficient to prove that he entered a dwelling, which is an essential element of residential burglary. RCW 9A.52.025(1). Evidence is sufficient if, when viewed in the light most favorable to the prosecution, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* Circumstantial and direct evidence are equally

2

reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Because it is the jury's responsibility to resolve credibility issues and determine the weight of the evidence, we defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To prove residential burglary, the State had to prove Mr. Langford entered or remained in a "dwelling." RCW 9A.52.025(1). A "dwelling" is "any building or structure . . . which is used or ordinarily used by a person for lodging." RCW 9A.04.110(7). Mr. Langford argues the shed was not used for lodging.

A garage attached to a home is a "dwelling" because it is "a portion" of a building used as lodging. *State v. Murbach*, 68 Wn. App. 509, 513, 843 P.2d 551 (1993). A tool room located within an apartment building is considered a dwelling. *State v. Neal*, 161 Wn. App. 111, 112-13, 249 P.3d 211, *review denied*, 172 Wn.2d 1011 (2011). In *Neal*, Division Two of this court noted that the portion of the building entered does not have to be used for lodging. *Id.* at 113. The court held, "a dwelling may be a building or structure used for lodging, *or it may be any portion of a building where the portion is used for lodging." Id.* at 114 (Emphasis added).

Following the above authorities, the residence was a "dwelling." The shed, where the gas can was taken, was connected to the residence by a roof and carport. Thus, the shed is "a portion" of the residence. *Murbach*, 68 Wn. App. at 513. The proximity of the

3

shed to the residence and the fact the two buildings were connected by a common roof is sufficient to meet the definition of "dwelling" as clarified in *Murbach* and *Neal*. Because Mr. Langford entered a "dwelling," the evidence was sufficient to convict him of residential burglary within due process principles.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Siddoway, J.

4