FILED
COURT OF APPEALS
DIVISION II

2014 AUG 19 AM 9: 38

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | Consol. Nos. 45243-0-II |
| Respondent, | 45246-4-II |
| v. | |
| ROBERT WAYNE MICKENS, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Robert Mickens appeals his conviction for residential burglary based on his removal of a mirror from a common storage area for residential apartments. He argues that the State failed to present sufficient evidence of residential burglary because the storage area was not a "dwelling." We disagree, and affirm.

## FACTS

On February 5, 2013, in the early morning, Mickens entered a building that had an auto repair shop and one residential apartment on the ground level and nine residential apartments and a storage area on the second level. The main entrance to the second level was unlocked, and Mickens walked up to that level. He then entered the storage area, which was connected to the apartments by an open hallway. The door to the storage area was unlocked, but a sign on the door stated, "no trespassing tenants only." Verbatim Report of Proceedings (VRP) (June 4, 2013) at 77. Once inside the storage area, Mickens

pried a large mirror off the wall. He then left the building with the mirror and gave it to an acquaintance.

The State charged Mickens with residential burglary and third degree theft. At trial, the building owner described the storage area, where tenants store belongings either unsecured in the open area or in a secured area behind a locked gate. The storage area and apartment hallway are under video surveillance, which is reviewed daily by apartment staff. During trial, the State played the surveillance video showing Mickens prying the mirror, located in the common storage area, off of the wall.

A jury found Mickens guilty of residential burglary.[1] Mickens appeals.

ANALYSIS

"A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1). "Dwelling" includes any "building or structure..., or a portion thereof, which is used or ordinarily used by a person for lodging." RCW 9A.04.110(7). Mickens argues that the evidence at trial was insufficient to convict him of residential burglary because the storage area where the mirror was located did not constitute a "dwelling." We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Rose*, 175 Wn.2d 10, 14, 282 P.3d 1087 (2012). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Rose*, 175

---

[1] The trial court dismissed the third degree theft charge.

Wn.2d at 14. Credibility determinations are made by the trier of fact and not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Miller*, 179 Wn. App. at 105.

Under RCW 9A.04.110(7), entry into a portion of a residential area of a building supports a conviction for residential burglary even if no resident lives in that portion of the residential area. *See State v. Neal*, 161 Wn. App. 111, 113-14, 249 P.3d 211 (2011) (a tool room in an apartment building was a "dwelling" because it was a portion of a building used as lodging); *State v. Murbach*, 68 Wn. App. 509, 513, 843 P.2d 551 (1993) (an attached garage with a door leading to a residence was a "dwelling" because it was a portion of a building used as lodging); *see also State v. Moran*, ___ Wn. App. ___, 324 P.3d 808, 812 (2014) (the area under the foundation of a house was a "dwelling" even though the area was not accessible from the inside living quarters).

Here, the second floor of the multiplex building is used as lodging – residential apartments. The storage area where the mirror hung is a portion of the lodging area because it is on the same floor as the apartments and was connected to them by an open hallway. Further, the purpose and function of the storage area on the second floor is similar to a tool room, attached garage, or area under a house's foundation, all of which are portions of a building used for lodging under Washington law. *Moran*, 324 P.3d at 812; *Neal*, 161 Wn. App. at 113-14; *Murbach*, 68 Wn. App. at 513. Accordingly, the storage area is a "dwelling."

Mickens argues that the storage area is open to the public and therefore is not part of a building used for lodging. The main entrance to the second floor is unlocked, and allows public access to the apartments and to the hallway leading to the storage area.

3

And the door to the storage area is unlocked. However, a sign posted on the storage area door states, "no trespassing tenants only." VRP (June 4, 2013) at 77. Because of this sign, leaving the door unlocked did not convert an otherwise private area into a public area or provide an open invitation to the public.

By entering the attached storage area reserved exclusively for tenants, Mickens unlawfully entered a portion of a building used for lodging. As a result, there was sufficient evidence to convict Mickens of residential burglary. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

MELNICK, J.