**FILED**
**MAY 19, 2026**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40644-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER M. COMER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — A jury found Christopher Comer guilty of assault in the second

degree and unlawful possession of a firearm in the first degree. Mr. Comer appeals,

arguing the trial court abused its discretion in denying his motion to dismiss under

CrR 8.3(b) and in granting the State's motion to amend the information. We disagree

with Mr. Comer's arguments and affirm.

BACKGROUND

On August 2, 2023, Mr. Comer arrived at the school attended by his ex-girlfriend,

M.M. He was upset because M.M. had not returned his telephone calls. M.M. got into

her vehicle and, disobeying Mr. Comer's demand, attempted to call 911. Mr. Comer

"hopped in the passenger side of [M.M.'s] vehicle," "pulled out a gun, and . . . told [her] he was going to shoot [her] in the stomach." Rep. of Proc. (RP) (July 23, 2024) at 51. Mr. Comer then grabbed M.M. around her neck and again threatened to shoot her. M.M. was able to open her door and exit the vehicle. M.M. "heard the gun go off." RP (July 23, 2024) at 52-53. Mr. Comer was later arrested.

On August 7, 2023, the State charged Mr. Comer with assault in the second degree and assault in the fourth degree, alleging both crimes were committed against an intimate partner. Defense counsel moved to continue the trial date several times. The State also sought trial continuances. The final continuance was requested by the State due to the assigned deputy prosecutor departing the prosecutor's office, necessitating a reassignment of the case. Over Mr. Comer's objection, the court granted the motion and continued trial within the allowable limits of CrR 3.3.

On July 9, 2024, the State filed a motion to amend the information to add one count of unlawful possession of a firearm in the first degree. At a July 11 hearing on the State's motion, the State explained that the affidavit of facts "summarizes that witnesses saw Mr. Comer with a handgun" and that Mr. Comer's criminal history includes prior convictions for robbery. RP (July 11, 2024) at 41. Defense counsel objected to the amendment, contending, among other arguments, that "this is just another example of government mismanagement," and that the amendment "is prejudicial to Mr. Comer" as defense counsel had been focusing on the charges Mr. Comer had already been facing for

2

nearly one year.  RP (July 11, 2024) at 42.  The court granted the State's motion and

arraigned Mr. Comer on the amended information.

The case proceeded to a jury trial on July 23, 2024.  The jury found Mr. Comer

guilty of assault in the second degree and unlawful possession of a firearm in the first

degree at the conclusion of the trial. [1]  The jury also returned special verdicts finding Mr.

Comer and M.M. were intimate partners for purposes of the assault conviction and that

Mr. Comer was a persistent offender.  Mr. Comer was later sentenced.

Mr. Comer appeals to this court.

## ANALYSIS

CRR 8.3(b)

Mr. Comer argues the trial court abused its discretion when it denied his motion to

dismiss under CrR 8.3(b).  The State responds, in part, that we should decline to consider

Mr. Comer's argument because it is being raised for the first time on appeal.[2]  We agree

with the State.

---

[1] The assault in the fourth degree charge was dismissed on the State's motion.

[2] In reply to the State's argument that this issue was not raised below and is therefore waived, Mr. Comer seems to claim his trial attorney impliedly invoked CrR 8.3(b) when she objected to the State's request for a continuance.  We disagree.  The only remedy provided in CrR 8.3 is dismissal of the criminal charges.  In response to the State's motion for a continuance, Mr. Comer's attorney made a passing argument about "mismanagement by the Government" before stating, "So we are asking the Court to deny the State's continuance request and permit us to proceed to trial on the current set date."  RP (June 13, 2024) at 32-33.  Defense counsel never requested a dismissal of the charges.

In general, we will not consider an argument raised for the first time on appeal. RAP 2.5(a). The purpose of this rule is to encourage the efficient use of judicial resources. *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). Nevertheless, a party may raise a "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). When an appellant presents a new argument for the first time on appeal, he must generally address RAP 2.5(a) in his briefing. *State v. Frieday*, 33 Wn. App. 2d 719, 744, 565 P.3d 139 (2025), *review denied*, 5 Wn.3d 1006, 574 P.3d 539 (2026). Otherwise, the issued is considered waived. *Id*.

Without addressing RAP 2.5(a), Mr. Comer asserts that "the Court denied his CrR 8.3(b) motion. It should have been granted." Br. of Appellant at 11. We reject Mr. Comer's claimed error for three reasons. First, Mr. Comer never moved for dismissal under CrR 8.3(b).[3] In fact, the record is void of any reference to "CrR 8.3." Second, the record lacks any support for Mr. Comer's contention that the court denied his CrR 8.3(b) motion. We are unable to locate an oral or written order by the court denying such a motion. Third, Mr. Comer failed to address RAP 2.5(a) in his opening brief.

Mr. Comer also asserts the trial court erred in continuing the trial so a new deputy prosecutor could be assigned. To reverse a trial court's decision to continue a trial date,

---

[3] CrR 8.3(b) allows the trial court, *on its own motion*, to dismiss any prosecution due to governmental misconduct. CrR 8.3(c) allows a defendant to move for dismissal of the prosecution.

the appellant must show that the court abused its discretion and that he was prejudiced. *State v. Torres*, 111 Wn. App. 323, 330, 44 P.3d 903 (2002). Mr. Comer does not assert a speedy trial violation nor that he was substantially prejudiced in the presentation of his defense due to the continuance. Rather, he claims the State's failure to promptly reassign the case to a new deputy prosecutor is another example of governmental misconduct under CrR 8.3(b). For the reasons cited above, we decline review of Mr. Comer's unpreserved error related to CrR 8.3(b).

AMENDMENT OF INFORMATION

Mr. Comer argues the trial court erred in granting the State's motion to amend the information. The State responds that Mr. Comer has failed to establish he was prejudiced by amendment. We agree with the State.

A criminal defendant has the right "to demand the nature and cause of the accusation against him." WASH. CONST. art. I, § 22. As such, defendants have a right to be apprised of the nature of charges against them so an adequate defense can be prepared. *State v. Gehrke*, 193 Wn.2d 1, 6-7, 434 P.3d 522 (2019). Amendments to the information must be in accordance with article I, section 22 of the Washington State Constitution. *Id.* at 7.

CrR 2.1(d) provides, "The court may permit any information . . . to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." The defendant bears the burden of providing prejudice. *State v. Larson*, 160

Wn. App. 577, 593, 249 P.3d 669 (2011). The type of prejudice typically contemplated is whether the amendment leaves the defendant without time to prepare a defense. *State v. Murbach*, 68 Wn. App. 509, 512, 843 P.2d 551 (1993).

We review a trial court's ruling on a motion to amend an information for abuse of discretion. *State v. Lamb*, 175 Wn.2d 121, 130, 285 P.3d 27 (2012). The court abuses its discretion when its decision rests on unreasonable or untenable grounds. *State v. C.J.*, 148 Wn.2d 672, 686, 63 P.3d 765 (2003). A court's "decision is based on 'untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

In support of his argument, Mr. Comer relies on *State v. Michielli*, 132 Wn.2d 229, 937 P.2d 587 (1997). In *Michielli*, the trial court allowed the State to amend its information to add four new charges five days before trial. 132 Wn.2d at 233. Because Mr. Michielli's attorney was unprepared to go to trial on the new charges, Mr. Michielli was forced to waive his speedy trial right and move for a continuance of the trial date. *Id*. On Mr. Michielli's motion, the trial court later dismissed the additional charges, finding "[t]he ends of justice will be met by dismiss[al]." *Id*. On appeal, our Supreme Court affirmed the trial court's dismissal, concluding that "by adding four new charges just before the scheduled trial date, without any justification for the delay in amending the

information, forced Mr. Michielli either to go to trial unprepared, or give up his speedy trial right." *Id.* at 245.

The facts before us are distinguishable from those in *Michielli*. Here, the State moved to amend the information two weeks before trial and added only one charge (one count of unlawful possession of a firearm in the first degree). As Mr. Comer concedes, the facts supporting the additional charge were contained in the original affidavit of probable cause. The affidavit also included law enforcement's intent to seek additional charges if a firearm was found in Mr. Comer's vehicle during the execution of a search warrant. Moreover, unlike the facts in *Michielli*, Mr. Comer was not forced to waive his right to a speedy trial and request a trial continuance due to the belated amendment.

Before the trial court, Mr. Comer argued the amendment was prejudicial because (1) the case had been pending for one year and the facts had not changed, (2) the additional charge would increase the odds he would be convicted, and (3) the unlawful possession of a firearm charge would allow the State to "backdoor prejudicial criminal history." RP (July 11, 2024) at 43. These arguments fall short of proving Mr. Comer was deprived of the time necessary to prepare an adequate defense. Indeed, Mr. Comer's attorney never reported being surprised or unprepared due to the amendment. Defense counsel's lack of a request for a trial continuance evidences the absence of surprise and prejudice by the amendment. *See State v. Brown*, 55 Wn. App. 738, 743, 780 P.2d 880 (1989).

No. 40644-0-III
*State v. Comer*

The trial court did not abuse its discretion in allowing the State to amend the information.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Staab, C.J.

Lawrence-Berrey, J.